Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Holly Sams, | ) Case No. 5:20-cv-1896 |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY** |
| | ) **JURY DEMAND** |
| vs. | ) |
| | ) |
| Premier Auto Credit, | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1. Plaintiff Holly Sams ("Plaintiff") brings this action against Defendant Premier Auto Credit ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

**JURISDICTION, STANDING, AND VENUE**

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. "[A]llegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

**THE TELEPHONE CONSUMER PROTECTION ACT**

5. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

6. In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive

nuisance calls to their homes.'" *Id*. (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

7. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

8. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

9. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

10. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

11. "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael,* 681 F.3d 1097, 1100 (9th Cir. 2012).

12. Like the FDCPA, the purpose of the RFDCPA is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title." Cal. Civ. Code § 1788.1(b).

13. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100.

14. "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA." *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

**PARTIES**

15. Plaintiff is a natural person who at all relevant times resided in the State of California, County of San Bernadino, and City of Colton.

Complaint - 4

16. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

17. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "consumer debt" from Plaintiff as defined by Cal. Civ. Code § 1788.2(f).

18. Defendant is a "debt collector" as defined by Cal Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

19. Plaintiff's alleged obligation arises from a consumer credit transaction in which the money, property, insurance or services that are the subject of the transaction were incurred primarily for personal, family, our household purposes- namely, a personal vehicle loan (the "Debt").

20. Defendant, in the ordinary course of business, regularly, on behalf of itself, engages in acts or practices in connection with the collection of consumer debts.

21. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number (ending in 0150) in connection with such subscription.

22. Sometime prior to February 2020, Defendant, in connection with the collection of the Debt, began frequently calling Plaintiff's wireless number

23. To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, Plaintiff orally revoked such consent during a call on or around September 16, 2019.

24. Because Defendant continued calling her and sending text messages, Plaintiff replied to one of Defendant's text messages on December 16, 2019, demanding that Defendant stop contacting her.

25. Despite Plaintiff's multiple demands, Defendant placed no less than 14 calls to Plaintiff's wireless number.

26. During at least 14 of these calls, Defendant delivered a voicemail message to Plaintiff's wireless number using an artificial or prerecorded voice.

27. Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

28. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

29. Defendant did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

30. Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

31. Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

32. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

33. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the calls identified above.

34. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

35. Plaintiff repeats and re-alleges each factual allegation above.

36. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's wireless number using an automatic telephone dialing system after she revoked her consent to be called at that number.

37. Defendant also violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's wireless number using an artificial or pre-recorded voice after she revoked her consent to be called at that number.

38. Furthermore, Defendant willfully and/or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) by intentionally continuing to make such calls even after Plaintiff revoked such consent.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Finding that Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were willful and/or knowing;

c) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF CAL. CIV. CODE § 1788.11(e)

39. Plaintiff repeats and re-alleges each factual allegation above.

40. Defendant violated Cal. Civ. Code § 1788.11(e) by communicating, by telephone, with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Cal. Civ. Code § 1788.11(e);

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

Awarding such other and further relief as the Court may deem proper

## COUNT III
## VIOLATION OF CAL. CIV. CODE § 1788.17

41. Plaintiff repeats and re-alleges each factual allegation above.

42. A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with § § 1692b-j of the FDCPA.

43. "[A]s any violation of the Rosenthal Act is a violation of the FDCPA, Plaintiff's claims under this cause of action are insufficiently supported as well." *Miran v. Convergent Outsourcing, Inc.*, No. 316CV00692AJBJMA, 2017 WL 1410296, at *6 (S.D. Cal. Apr. 20, 2017).

44. Here, Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff with respect to the Debt, after having received a written demand to cease communicating further with Plaintiff.

45. Therefore, by failing to comply with the FDCPA, Defendant violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.17, in the amount of $1,000.00;

c) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 14, 2020

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff